## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

JEARMAL SWAIN,     :
            :
    Plaintiff,   :
            :
v.           :  Case No. 3:25-cv-107-CDL-AGH
            :
WALTON COUNTY JAIL, *et al.*,  :
            :
    Defendants.  :

_____

## <u>ORDER</u>

*Pro se* Plaintiff Jearmal Swain, a pre-trial detainee at Walton County Jail in Monroe, Georgia filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and moved to proceed without prepayment of the filing fee (ECF No. 2).   A review of the complaint and motion to proceed *in forma pauperis* reveals they are both deficient. Should Plaintiff wish to proceed with this action, he must file a recast complaint that complies with the instructions shown below and a certified copy of his trust fund account statement.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).   A prisoner seeking to proceed *in forma pauperis* ("IFP") must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff failed to file a certified account statement as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a corrections official showing his transactions for the preceding six months so that the Court may properly evaluate his motion to proceed IFP.   Plaintiff is further notified that even if he is allowed to proceed IFP with or without a partial initial filing fee, he must still pay the full amount of the filing fee in installments based on funds in his account even if his complaint (or any part thereof) is dismissed.   28 U.S.C. § 1915(b).

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   28 U.S.C. § 1915A(a).   Here, Plaintiff's claims arise from his detention at Walton County Jail.   Compl. 5, ECF No. 1. Plaintiff states that he slipped on standing water that was coming from a pipe in the jail and that he injured his neck and lower back.   *Id*. at 4-6.   *Id*.   Plaintiff names Walton County and the Walton County Jail as Defendants to his suit.   *Id*. at 2-3.

Plaintiff's complaint is presently subject to dismissal for failing to state a claim for which relief may be granted.   First, the "Walton County Jail" is not a Defendant capable of being sued in a §1983 claim.   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Allen v. Brown*, No. CV 112-052, 2013 WL 1333175, at *3

(S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Additionally, Plaintiff does not establish any viable §1983 claim against Walton County. A local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff fails to allege that Defendant Walton County had any such policy, ordinance, regulation, or officially adopted decision.

Finally, "Courts have regularly held that slip and fall accidents do not give rise" to constitutional claims that are actionable under § 1983.[1]  *Davis v. Corr. Corp. of Am.*, No. 5:07cv279/RS-EMT, 2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (collecting cases); *see also, e.g., Hunter v. Riverbend Corr. Facility*, No. 22-11599, 2023 WL 6389817, at *4 (11th Cir. Sept. 29, 2023) (affirming district court's grant of summary judgment for defendants in a prisoner slip-and-fall § 1983 action); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting that "slippery floors constitute a daily risk raced by members of the public at large" and holding that—without more—standing water that caused fall did not pose objectively serious risk to prisoner, even where prison officials knew of the hazard prior to prisoner's fall); *Davis v. Hamilton*, No. 21-81906-CIV-SINGHAL, 2022 WL 1301733, at *2 (S.D. Fla. Feb. 8,

---

[1] As a pretrial detainee, "Plaintiff's § 1983 claim is under the Fourteenth Amendment. 'Deliberate indifference claims made under the Fourteenth Amendment are held to the same standards as deliberate indifference claims made under the Eighth Amendment.'" *Nelson v. CorrectHealth Muscogee, LLC*, No. 4:20-CV-213 (CDL), 2024 WL 3558367, *1 n.1 (M.D. Ga. July 25, 2024) (quoting *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1304-05 (11th Cir. 2023)).

2022) (dismissing plaintiff's claim about injuries sustained due to a slippery shower floor and stating that "negligence does not rise to the level of a constitutional claim actionable under § 1983").

If after now being advised that his complaint is subject to dismissal, Plaintiff has decided not to pursue this civil action in federal court,[2] he can file a voluntary dismissal of his complaint.[3] However, if Plaintiff believes he has a viable § 1983 claim, the Court will afford Plaintiff one opportunity to recast his complaint so that it states a claim for which relief may be granted. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

---

[2] Nothing within this Order precludes Plaintiff from bringing his slip and fall claims in the state courts should he choose to do so, and nothing in this Order should be read to suggest the viability of any state court claim.

[3] Rule 41 of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Because no Defendant has been served in the case, leave of Court is not required to dismiss this action, and Plaintiff is automatically entitled to voluntary dismissal if he wishes to pursue that path.

(1)    What did this defendant do (or not do) to violate your rights?    In other words: What was the extent of this defendant's role in the unconstitutional conduct?

(2)    Is the defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?    If not, how did his/her actions otherwise cause the unconstitutional action?    How do you know?[4]

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this defendant's actions or inactions?

Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint.    *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013).    Thus, Plaintiff's recast complaint will take the place of his original complaint.    In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff is to honestly and completely answer each question presented in the Court's standard § 1983 complaint form.    Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case.    *See* Fed. R. Civ. P. 8.    If Plaintiff fails to link a named defendant to a

---

[4] Plaintiff is advised that he cannot simply name supervisors such as a Sheriff or Jail Captain as defendants based solely on their official capacities and supervisory roles.    Supervisors are liable under §1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.    *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   Plaintiff should not use legal terminology or cite any specific statute or case law.   Plaintiff is not to include any exhibits or attachments.  ***The recast complaint must be no longer than ten (10) pages in its entirety***.

**CONCLUSION**

In sum, if Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, <u>and</u> (2) submit a certified account statement that is signed by the appropriate corrections official which includes a statement of Plaintiff's account transactions for the previous six months.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**   There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form and an account certification form along with his service copy of this order (with the civil action number showing on all).

**SO ORDERED**, this 6th day of August, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE